Clark *v.* Butler.

EDWARD CLARK

*v.*

JOHN Q. A. BUTLER.

1. A transitory seizin, or seizin for an instant only, is not sufficient to support a mechanics lien.

2. Such a momentary seizin will occur when a grantee, immediately upon receiving title, conveys it, by mortgage, to his grantor, or to a third person.

3. When the deed and mortgage appear to have been executed on the same day, the legal inference is, that they were made at the same time, and were parts of one and the same transaction.

4. A purchase-money mortgage, under certain circumstances, is entitled to priority over a mechanics lien, though given subsequent to the commencement of the building.

On final hearing, on bill, answer and proofs.

*Mr. Hamilton Wallis,* for complainant.

*Mr. J. Henry Stone,* for defendant.

Clark v. Butler.

THE VICE-CHANCELLOR.

This is a foreclosure suit. The defendant resists the complainant's right to a decree, on the ground that he holds the mortgaged premises by title paramount, free from the complainant's mortgage.

The complainant's mortgage bears date May 10th, 1876, and was registered July 15th, 1876. It was made by Mary A. Stanton. At the time it was executed, the complainant held two prior mortgages upon the premises in dispute, embracing other lands, the first bearing date March 11th, 1871, for $40,000, and the second, dated October 1st, 1875, for $8,575. They were made to the complainant by George Hughes. Subsequent to the date of the last, Hughes commenced the erection of a dwelling-house on the premises in dispute, and, while it was in course of erection, agreed to convey the premises to Mary A. Stanton. This contract was carried into effect, May 10th, 1876. Hughes then conveyed to Mrs. Stanton, and she, at the same time, executed the mortgage in suit to the complainant, and he released to her the lien of his two prior mortgages, and credited the amount of his new mortgage on his $40,000 mortgage. The papers thus interchanged were executed simultaneously; they all bear date the same day, and were all left for record at the same time. The defendant, on the 29th of April, 1876, furnished Hughes with certain material used by him in the construction of the building, for which he filed a mechanics lien, September 26th, 1876. Suit was subsequently brought to enforce this lien, and a special judgment recovered against the premises in dispute, pursuant to the statute. They were afterwards sold under the judgment, and conveyed to the defendant. He claims to hold them, by force of the statute, free from the complainant's mortgage.

The statute declares that a deed made in execution of a judgment founded on a mechanics lien, "shall convey to the purchaser the estate which the owner had in the lands at the commencement of the building, or which he subsequently acquired, and, also, in the building, subject only to

Clark *v.* Butler.

all mortgages and other encumbrances created and recorded or registered prior to the said commencement of the building" (*Rev. p. 673* § *23*). The defendant's claim is certainly warranted by the letter of the statute. The complainant's mortgage had no existence at the commencement of the building, but was subsequently created. It is argued, however, very strenuously, that this statute is unconstitutional, because, if effect be given to it in this case, it will deprive the complainant of his property without due process of law; in other words, render his mortgage worthless without affording him an opportunity of being heard in its defence. But this view, I think, is founded on a misapprehension. The law takes nothing away from the mortgagee, nor does it deprive him of the right of being heard. It simply fixes his position as an encumbrancer, if he takes a mortgage on lands upon which his mortgagor has already commenced the erection of a building. He is at liberty, after sale and conveyance, to dispute the right of the purchaser to hold the land free from the lien of his mortgage. The complainant is exercising that privilege now. The statute does not deprive a mortgagee of the right to contest with the purchaser the question whose title is paramount, but merely declares what shall be the legal consequences of the fact, when found that his mortgage was created subsequent to the commencement of the building. He is at liberty to contest the fact, and is merely bound by its legal consequences after the fact is judicially found. Discussion upon this point is, however, unnecessary. It has already been decided by this court. *Tompkins* v. *Horton, 10 C. E. Gr. 293.*

The case presents another question, of much graver importance to the defendant. Was the owner, under whom he claims, seized of the premises for a sufficient period to allow his lien to attach as against the complainant's mortgage? The owner designated in his lien claim, through whom he derives whatever rights he has, is Mary A. Stanton. Her seizin was but for an instant. The moment title

Clark v. Butler.

touched her, it passed from her.   The instant the burden of
the prior mortgages was lifted, a new burden took its place.
The old burden was removed, not to free the land, but to
make place for a new burden.

A transitory seizin, or seizin for an instant, as, for exam-
ple, where a conveyance in fee is made, and at the same
time the grantee executes a mortgage for purchase-money,
either to the grantor or to a third person, is not sufficient to
support an estate in dower.   *Griggs* v. *Smith, 7 Hal. 22.*   It
is immaterial whether the mortgage is made to the grantor
or to a third person, provided the instant the husband gets
title he parts with it.   And where the deed and mortgage
appear to have been executed on the same day, the legal
inference is, that they were given at the same time, and
were parts of one and the same transaction.   *Kittle* v. *Van
Dyck, 1 Sandf. Ch. 79.*   And it has been repeatedly held
that such a seizin is not sufficient to bring the land within
the grasp of a mechanics lien, so as to make the lien an
encumbrance prior and paramount to the mortgage.

In *McIntosh* v. *Thurston, 10 C. E. Gr. 242,* it appeared
that Thurston had commenced the erection of a building on
land which he had agreed to purchase, but to which he had
not yet acquired title by deed.   When the building was
nearly completed, a conveyance was made to him, and, simul-
taneously with its delivery, he executed a mortgage to the
complainant.   A mechanics lien was subsequently filed for
a debt incurred in the erection of the building prior to the
conveyance to Thurston, and a judgment recovered thereon.
In deciding which of these two encumbrances was entitled
to the superior position, the chancellor said: " Thurston
was seized for an instant only.   He received and parted
with the title at the same time, and was but the instrument
of conveying it to the complainant.   To such a merely tran-
sitory seizin no lien could attach."   No argument is required
to show the pertinency of this adjudication to the case in
hand.   The same rule of judgment was adopted by the

Clark *v.* Butler.

supreme court, in *Lamb* v. *Cannon, 9 Vr. 364,* and re-affirmed by this court, in *Gibbs* v. *Grant, 2 Stew. Eq. 422.*

These authorities, unquestionably, entitle the complainant to a decree, unless this case is expressly ruled, as the defendant insists it is, by *Kittredge* v. *Neumann, 11 C. E. Gr. 195.* I think the two cases are clearly distinguishable. The important distinction is this : In *Kittredge* v. *Neumann* it was held, that the lands, even before they were conveyed by the mortgagee to the mortgagor, were subject to the mechanics lien, so that the estate of the mortgagee was, in any event, within the grasp of the lien, whether she continued to hold it as owner, or became the grantee of it by mortgage, while in this case the rights of the complainant, under his two prior mortgages, were, certainly up to the time he made the release, paramount to those of the defendant, and also to those under whom he must claim. The complainant agreed to release, not gratuitously, but for a consideration (he did not mean to surrender anything), and inasmuch as he held by title paramount to that of the actual vendor, I think he is entitled to be regarded, in equity, as a vendor. If he is entitled to that character, then his mortgage is a purchase-money mortgage, and, as such, it is, in equity, entitled to be preferred before the lien of the defendant, though created and recorded subsequent to the commencement of the building. It is now well settled, that, where lands are purchased, under an agreement that the purchase-money shall be secured by mortgage on the lands agreed to be conveyed, and the vendee, without the written consent of the owner, commences the erection of a building before obtaining title, if a mortgage for the purchase-money be given when title is made to the vendee, it will be entitled to preference over a mechanics lien founded on a debt contracted in the erection of the building, though the mortgage be given at a date subsequent to the commencement of the building. *National Bank of the Metropolis* v. *Sprague, 5 C. E. Gr. 13 ; Strong* v. *Van Duersen, 8 C. E. Gr. 370 ; McIntosh* v. *Thurston, 10 C. E. Gr. 242.*

The justice of the doctrine established by these ·cases is obvious. No man should be permitted to acquire title to the property of another without first paying for it; nor should the creditors of a vendee be allowed to acquire, against the vendor, a more advantageous position than that held by the vendee. It is certain the complainant did not intend to postpone his lien to that of the defendant; if the other parties intended such a result, and accomplished it by withholding facts which good faith and fair dealing required them to disclose, neither they, nor those who must trace their rights through them, can hold, in a court of conscience, an advantage thus obtained.

It is not shown, nor even alleged, that in adjusting the burden of the two first mortgages, a larger proportion of the debt secured by them was imposed upon that part of the mortgaged premises now in dispute than it ought, in view of the defendant's equities, to bear. The defendant is not, therefore, in a position where he has a right to the aid of this court on that ground.

For both reasons, I think the title acquired by the defendant is subject to the complainant's mortgage, and, consequently, I am of opinion that the complainant is entitled to a decree.